IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN A. DOWNS, JR. | ) | |
| | ) | |
| v. | ) | No. 3:14-2411 |
| | ) | Judge Trauger/Bryant |
| SOCIAL SECURITY ADMINISTRATION | ) | |

To:     The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

On December 31, 2014, the *pro se* plaintiff filed his complaint seeking judicial review of an adverse decision by the Social Security Administration on his claims for disability benefits. (Docket Entry No. 1) Within his complaint, plaintiff included a "Motion to Proceed In Forma Pauperis and Waive Filing Fee," requesting that the Court "waive the filing fee in this case because the plaintiff is in no position to afford the filing fee and would be harmed in redressing his claims against the agency." Id. at 3. This action was subsequently referred to the undersigned for, e.g., consideration of plaintiff's pauper status. (Docket Entry No. 2) Upon considering plaintiff's motion, the undersigned issued the following Order:

> This allegation of poverty is not declared under penalty of perjury, nor does it itemize plaintiff's assets in a manner which would permit a ruling. The Clerk is DIRECTED to send plaintiff an appropriate form application to proceed in District Court without prepaying fees or costs. **Within twenty-one (21) days** of receiving the application, plaintiff shall complete and return it for the undersigned's consideration pursuant to the referral order (Docket Entry No. 2).

(Docket Entry No. 5) (emphasis in original) The docket reflects that plaintiff was served

with a copy of the undersigned's Order by certified mail, and that proof of such service was received in the Clerk's Office on January 26, 2016. (Docket Entry Nos. 6, 7)

As of July 14, 2016, plaintiff had not filed a proper application to proceed *in forma pauperis*, nor had he made any other contact with the court. The undersigned therefore entered an order on that day (Docket Entry No. 8) directing plaintiff to show cause within thirty days why his complaint should not be dismissed for failure to either pay the filing fee or, as previously directed, prove his inability to pay the fee by submitting a proper application for pauper status. Plaintiff was forewarned that failure to make such a showing would likely result in the dismissal of his complaint. Id. The docket reflects that the certified mailing of this show cause order was returned to the Court as unclaimed, with no forwarding address available. (Docket Entry No. 10) As of the date of this report, plaintiff has made no response to the show cause order.

In light of this history, and due to plaintiff's failure to properly file this action, the Magistrate Judge hereby RECOMMENDS that his complaint be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 17th day of August, 2016.

                         s/ John S. Bryant
                         JOHN S. BRYANT
                         UNITED STATES MAGISTRATE JUDGE